ROBERT JOSEPHI, Appellant, v. CRESTON COMPANY,
Respondent.

First Department, May 16, 1919.

**Guaranty and suretyship — landlord and tenant — deposit by third
person as security for payment of rent during last year of term —
when said deposit not applicable to payment of rent accruing
during first year upon dispossession of tenant.**

A deposit by a third person " as security for the payment of the rent for the
demised premises in the annexed lease which will accrue for the last
year of the demised term," cannot be applied in payment of rent accruing
during the first year of the lease, where the tenant has been dispossessed
for non-payment of rent and there is no evidence to show that the parties
had any other or different intention than expressed in the aforesaid quoted
provision in the receipt.

CLARKE, P. J., dissented.

APPEAL by the plaintiff, Robert Josephi, from a judgment
of the Supreme Court in favor of the defendant, entered in
the office of the clerk of the county of New York on the 10th
day of July, 1918, upon the decision of the court after a trial
before the court, a jury having been waived.

*Benjamin F. Kraft,* for the appellant.

*Laurence A. Steinhardt* of counsel [*Guggenheimer, Untermyer
& Marshall,* attorneys], for the respondent.

PAGE, J.:

The defendant, as landlord, entered into a written lease
with the Blue Goose Operating Company, as tenant, whereby
certain premises therein described were leased for a term
of five years from October 1, 1917, to be used as a roadhouse
and inn at the annual rental of $5,500 payable in equal
monthly installments of $458.33. Attached to the lease was
the following:

" The Creston Company, a domestic corporation, having
its principal office and place of business at No. 1966 Valentine
Avenue, in the Borough of The Bronx, City of New York,

hereby acknowledges the receipt from Robert Josephi of the sum of Two thousand ($2,000) Dollars, which said sum is so received as a deposit as security for the payment of the rent for the demised premises in the annexed lease which will accrue for the last year of the demised term. This deposit to bear interest at the rate of four and one-half ($4\frac{1}{2}\%$) per annum and to be paid to said Josephi semi-annually. If the corporation to be organized and which is to be the tenant mentioned in said lease shall be unable to secure a liquor tax certificate authorizing it to traffic in liquor upon the demised premises, whether such liquor tax certificate be secured by the transfer of a certificate already issued or by the issuance of a new certificate from the State Commissioner of Excise, and if the corporation to be organized is unable to secure permission to sell liquor and spirituous wines upon the premises as a hotel, then the money so deposited with the Creston Company shall be returned to Josephi forthwith.

"*In Witness Whereof*, the Creston Company has caused these presents to be signed by its president and its corporate seal to be hereunto affixed this 14th day of September, 1917.

" CRESTON COMPANY,

" By C. ADELBERT BECKER,

" *President.*

" ROBERT JOSEPHI."

The Blue Goose Operating Company paid $200 on account of the November, 1917, rent and failed to pay the balance of that month's rent and rent for the months of December, 1917, January, February and March, 1918, and was dispossessed for non-payment of rent on March 20, 1918, the amount of rent due being $2,091.65. The plaintiff brought this action to recover the $2,000 deposited by him as security.

The facts were admitted and the controversy turned on the construction of the words in the receipt which stated that the $2,000 was deposited " as a deposit as security for the payment of the rent for the demised premises in the annexed lease which will accrue for the last year of the demised term."

The learned trial justice stated in his opinion: " The demised term was five years as written in the lease, and if

nothing else were to be considered I should be inclined to hold that the 'last year' would be the fifth year. On that view, plaintiff would be entitled to recover the whole of the deposit, for the fifth year has not arrived." But he said: " Looking beyond the few words quoted from the receipt for the deposit, I do not think plaintiff is entitled to judgment. The purpose of the deposit must be considered and the real instead of the apparent ' demised term.' " And he held that as the term of the lease is subject to curtailment by dispossess proceedings, that must have been in contemplation of the parties from the fact that it was a statutory proceeding which is frequently invoked, and when the lease was terminated in the first year of the term that became the last year of the demised term. The difficulty with this argument it seems to me is: that had it been the intention of both parties to the lease that this deposit was to be applied to any arrears of rent at any time during the lease, it was entirely competent for the defendant to have expressed that intention by apt language.

The plaintiff was not the tenant but a third person, and, therefore, he is a surety. It is well settled that a contract of suretyship must be strictly construed and certainly the plain meaning of the language used would limit the guaranty of the surety to the rent accruing in the fifth or last year of the demised term. It was not claimed that there was any ambiguity. The learned trial justice erroneously " looked beyond " the language of the receipt. There was no evidence tending to show that the parties had any other or different intention than was to be gathered from the language used in the receipt. The intent of the parties must be gathered from the language used.

I am of opinion that the $2,000 was deposited as security for rent accruing in the fifth year of the lease which was the last year of the demised term, and that it cannot be applied in payment of rent accruing in the first year of the lease. It may well be that the surety was willing to assume the liability for rent after the business had become established, when he would not be willing to guarantee a new and untried enterprise.

Therefore, the judgment should be reversed and the findings inconsistent herewith reversed, with costs to appellant, and

judgment granted for the plaintiff for the relief demanded in the complaint, with costs.

LAUGHLIN, DOWLING and MERRELL, JJ., concurred; CLARKE, P. J., dissented.

Judgment reversed, with costs, and judgment directed for plaintiff for the relief demanded in the complaint, with costs. Order to be settled on notice.